NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 2 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY LASATER, | No. 17-56863 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-01373-SVW-AS |
| v. | |
| DIRECTV, LLC, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| DAVID VARAS, | No. 17-56872 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-01395-SVW-AS |
| v. | |
| DIRECTV, LLC, | |
| Defendant-Appellant. | |

| | |
|---|---|
| HENRY TRUJEQUE, | No. 17-56873 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-01477-SVW-AS |
| v. | |
| DIRECTV, LLC, | |

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

PAUL GUZIK,

       Plaintiff-Appellee,

  v.

DIRECTV, LLC,

       Defendant-Appellant.

No.   17-56874

D.C. No.
2:16-cv-01967-SVW-AS

MENDAMAR LKHAGVADORJ,

       Plaintiff-Appellee,

  v.

DIRECTV, LLC,

       Defendant-Appellant.

No.   17-56875

D.C. No.
2:16-cv-01502-SVW-AS

JAMIE NAULT,

       Plaintiff-Appellee,

  v.

DIRECTV, LLC,

       Defendant-Appellant.

No.   17-56898

D.C. No.
2:16-cv-05721-SVW-AS

ARMANDO SOLIS JUAREZ,

       Plaintiff-Appellee,

No.   17-56899

D.C. No.

| | |
|---|---|
| v. <br><br> DIRECTV, LLC, <br><br>        Defendant-Appellant. | 5:16-cv-00400-SVW-AS |

| | |
|---|---|
| JEFFREY KIDD, <br><br>        Plaintiff-Appellee, <br><br> v. <br><br> DIRECTV, LLC, <br><br>        Defendant-Appellant. | No.    17-56900 <br><br> D.C. No. <br> 2:16-cv-01506-SVW-AS |

| | |
|---|---|
| JEREMY LASATER, <br><br>        Plaintiff-Appellant, <br><br> v. <br><br> DIRECTV, LLC, <br><br>        Defendant-Appellee. | No.    17-56936 <br><br> D.C. No. <br> 2:16-cv-01373-SVW-AS |

| | |
|---|---|
| DAVID VARAS, <br><br>        Plaintiff-Appellant, <br><br> v. <br><br> DIRECTV, LLC, <br><br>        Defendant-Appellee. | No.    17-56938 <br><br> D.C. No. <br> 2:16-cv-01395-SVW-AS |

3

| | |
|---|---|
| HENRY TRUJEQUE, | No.   17-56939 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01477-SVW-AS |
| v. | |
| DIRECTV, LLC, | |
| Defendant-Appellee. | |

| | |
|---|---|
| PAUL GUZIK, | No.   17-56940 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01967-SVW-AS |
| v. | |
| DIRECTV, LLC, | |
| Defendant-Appellee. | |

| | |
|---|---|
| MENDAMAR LKHAGVADORJ, | No.   17-56941 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01502-SVW-AS |
| v. | |
| DIRECTV, LLC, | |
| Defendant-Appellee. | |

| | |
|---|---|
| JAMIE NAULT, | No.   17-56942 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-05721-SVW-AS |
| v. | |

DIRECTV, LLC,

       Defendant-Appellee.

---

ARMANDO SOLIS JUAREZ,

       Plaintiff-Appellant,

  v.

DIRECTV, LLC,

       Defendant-Appellee.

No.   17-56943

D.C. No.
5:16-cv-00400-SVW-AS

---

JEFFREY KIDD,

       Plaintiff-Appellant,

  v.

DIRECTV, LLC,

       Defendant-Appellee.

No.   17-56944

D.C. No.
2:16-cv-01506-SVW-AS

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 16, 2019
Pasadena, California

Before:  LIPEZ,[**] WARDLAW, and HURWITZ, Circuit Judges.

---

    [**]    The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

The plaintiffs in these consolidated cases are technicians who install DirecTV satellite systems. Although the technicians are paid by third parties who contract with DirectTV for the installations, they claim that they are in reality employees of DirectTV and are owed wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and various portions of the California Labor Code. In an order granting partial summary judgment to the plaintiffs, the district court held that they were DirecTV employees under both state and federal law. The parties then stipulated to entry of final judgments (including damage awards), preserving their right to challenge prejudgment orders. We have jurisdiction of the timely appeals filed by all parties under 28 U.S.C. § 1291. We vacate the district court's judgment and remand for further proceedings.

1. The district court erred by concluding that the plaintiff technicians were employees of DirecTV as a matter of law. A reasonable jury could find that they were independent contractors or employees of only the third parties for purposes of the FLSA. Taken in the light most favorable to DirecTV, the evidence shows that the technicians retained substantial control over the performance of work orders. *See Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 754 (9th Cir. 1979) (listing useful factors for distinguishing employees from independent contractors, including "the degree of the alleged employer's right to control the manner in which the work is to be performed"). DirecTV does not control the technicians' compensation or decide

whether they are hired or fired. *See Moreau v. Air France*, 356 F.3d 942, 950 (9th Cir. 2004) (holding that Air France was not a joint employer in part because "it did not determine the rate or method of pay" and "lacked the ability to hire or fire"). Although the technicians provided evidence of DirecTV's influence over their working conditions and ability to affect the third parties' employment decisions, the facts give rise to competing inferences on the issue of employment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions . . . .").

2. After the district court's judgment was entered, the California Supreme Court adopted a new test for distinguishing employees from independent contractors under California wage orders. *Dynamex Operations W., Inc. v. Superior Court*, 416 P.3d 1, 35 (Cal. 2018). We recently held that the *Dynamex* test applies retroactively. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 923 F.3d 575, 586–90 (9th Cir. 2019). Because the district court did not have the opportunity to apply the *Dynamex* test, we vacate the summary judgment on the state law claims so that it may do so in the first instance. *See id.* at 593–94. We also leave it to the district court to determine in the first instance whether *Dynamex* applies in the joint employment context or to

claims not arising under a wage order.[1]

**VACATED and REMANDED.**[2]

---

[1]    The plaintiffs' cross-appeals only challenge the district court's finding that any FLSA violations were not willful.  Because we remand for further proceedings on the FLSA claims, we do not address the merits of those appeals.

[2]    The motion by the California Chamber of Commerce for leave to file an amicus brief in appeal No. 17-56863, Dkt. 73, is granted.